**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL GOLDSTEIN,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROXBOROUGH REAL ESTATE, LLC and BRENDA HOPKINS<br><br>*Defendants*. | Civil Action No.:3:15-cv-3835(PGS)(DEA)<br><br>**MEMORANDUM<br>AND<br>ORDER** |

**SHERIDAN, District Judge.**

Plaintiff Michael Goldstein filed a motion to remand for lack of diversity on June 26, 2016. Defendants Roxborough Real Estate, LLC and Brenda Hopkins filed a motion to dismiss the Amended Complaint on August 11, 2015 and forward this case to the American Arbitration Association. The Court will now address whether there is diversity in this case, and whether this matter should be sent to the American Arbitration Association.

**Analysis:**

1.) Remand:

Goldstein seeks to remand this case to state court for lack of diversity. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). The statute requires "complete diversity between all plaintiffs and all defendants." Therefore, without some other basis for jurisdiction, "no plaintiff [may] be a citizen

of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir.2010).

"A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id*. Partnerships "are not considered 'citizens' as that term is used in the diversity statute." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 2015 WL 5131423, *3. Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." *Id*. The state of organization and the principal place of business of partnership are irrelevant. "Accordingly, the citizenship of an LLC is determined by the citizenship of its members." For there to be complete diversity, all of the LLC's members "must be diverse from all parties on the opposing side." Id.

Goldstein commenced this case in the Superior Court of New Jersey, Law Division, Middlesex County, and defendants removed it to this court claiming diversity jurisdiction. Goldstein claims that Defendants' assertions of diversity are conclusory and lack factual support. The court disagrees.

Plaintiff is a citizen of New Jersey. (See Plaintiff's Amended Complaint, ¶ 1). In his Amended Complaint, Plaintiff avers that Defendant Hopkins is a resident of California (CA). Furthermore, Defendant RRE is a Pennsylvania limited liability company, and Defendant provided a copy of a Limited Partnership Agreement stating that RRE is a Pennsylvania LLC with a Philadelphia address. (Exh C). The Amended Complaint also alleges that Diamond, upon information and belief, resides in California. As such, the Court is satisfied that there is diversity here.

2.) Arbitration:

In their Motion to Dismiss, Defendants assert that the parties contractually agreed to resolve any dispute before the American Arbitration Association (AAA), for mediation and then by arbitration. Section 18(c) of the Limited Partnership Agreement entitled "Governing Law," says that the "Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania." For that reason, this court will be guided by Pennsylvania law in this diversity action. (See Limited Partnership Agreements for 6112 Ridge, LP, 6210 Ridge, LP and 6214 Ridge, LP, Exhibit "A" at pp. 14-15).

> Second, Section 18(e) of the Limited Partnership Agreement entitled "Disputes," states: "Any controversy or claims arising out of or relating to this Agreement, or the breach thereof, shall be submitted to mediation using such system of mediation that is employed by the American Arbitration Association of the State of Pennsylvania. Any such controversy or claim that is not resolved by such mediation shall b[e] settled by arbitration in accordance with the rules of the American Arbitration Association provided that the laws of the State of Pennsylvania shall be applied in such arbitration, and judgment upon the award may be entered in any court having jurisdiction thereof."

(See Limited Partnership Agreements for 6112 Ridge, LP, 6210 Ridge, LP and 6214 Ridge, LP, Exhibit "A" at pp. 14-15). It should be noted that only 3 of the 4 Limited Partnership Agreements contain the AAA clauses. The parties at oral argument agreed that this was most likely an oversight when the Agreement was created.

When deciding whether to compel arbitration a court must inquire "into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co. v. Niks Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). "[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Also, "Any doubts concerning the

scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision." *Flightways Corp. v. Keystone Helicopter Corp.*, 331 A.2d 184, 185 (1975). According to *Flightways*:

> [A] general attack on a contract for fraud is to be decided under the applicable arbitration provision as a severable part of the contract and that only where the claim of fraud in the inducement goes specifically to the arbitration provision itself should it be adjudicated by the court rather than the arbitrator.

*Id.* at 186; *see also PA Data Entry, Inc. v. Nixdorf Computer Corp.*, 762 F.Supp. 96 (1990).

Plaintiff argues that Diamond and Hopkins had no intention of honoring the limited partnership agreements from the beginning, but such a claim concerns the contract and not the AAA provision. A valid alternate dispute resolution provision exists, and the provision is broad, involving "any controversy or claims" stemming from the agreements. Therefore, this matter should be resolved through the AAA as specified in the agreements.

Plaintiff argues that Hopkins was not directly a signatory to the agreements and should not be covered by the AAA provisions. However, even though Hopkins did not directly sign, the agreements were signed by her employer, RRE. She is covered under those agreements; as an employee, Hopkins is still an agent of RRE. "[A] non-signatory cannot be bound to arbitrate unless it is bound under traditional principles of contract and agency law to be akin to a signatory of the underlying agreement." *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 194 (3d Cir. 2001). "There are five theories for binding nonsignatories to arbitration agreements: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel." *Trippe Manufacturing Co. v. Niles*

*Audio Corp.*, 401 F.3d 529, 532 (3d Cir.2005). The theory of agency would apply here as Hopkins was an employee of RRE.

Furthermore, "Non-signatories to an arbitration agreement can enforce such an agreement [through arbitration] when there is an obvious and close nexus between the non-signatories and the contract or the contracting parties." *Elwyn v. DeLuca*, 48 A.3d 457, 463 (Pa. Super. Ct. 2012), *citing Dodds v. Pulte Home Corp.*, 909 A.2d 348, 351 (Pa. Super. 2006). In this case, the disputes stem from the same set of facts so there is an obvious and close nexus as such. Hopkins is subject to the AAA clauses of the Agreements.

## Conclusion:

For the reasons just explained, the Court determines that the case was properly removed to federal court, and that proceeding through the AAA is the appropriate path for this case.

### ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown,

**IT IS** on this ___2___ day of October, 2015,

**ORDERED** that Motion to forward the matter to the American Arbitration Association is GRANTED, and this matter is administratively terminated; and it is further

**ORDERED**, that the motion to remand the case to state court for lack of jurisdiction is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.